IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE A. WINKELMAN, | ) | |
|     Petitioner, | ) | Civil Action No. 08-354 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO J. QUINTANA, | ) | |
|     Respondent. | ) | |

## OPINION AND ORDER[1]

Petitioner George A. Winkelman is a federal inmate currently incarcerated at the Federal Correctional Institution McKean, in Bradford, Pennsylvania. He has filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 4 at pp. 1-5], and an accompanying 15-page memorandum with attached exhibits [ECF No. 4 at pp. 6-44]. He challenges his 2003 convictions for firearms violations under 18 U.S.C. § 924(c)(1)(A), which he received in a criminal case that was before the U.S. District Court for the Middle District of Pennsylvania. Specifically, he claims that: (1) those convictions are invalidated by the U.S. Supreme Court's decision on December 7, 2007, in Watson v. United States, 552 U.S. 74 (2007); and (2) he received an invalid sentence for his firearms convictions based upon the U.S. Court of Appeals for the Second Circuit's decision on June 16, 2008, in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). As relief, he seeks to have his firearms convictions vacated and his case remanded for resentencing.

For the reasons set forth below, the petition is dismissed for lack of subject matter jurisdiction.

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

**I.**

**A.     Relevant Background**

On September 25, 2001, a federal grand jury serving in the U.S. District Court for the Middle District of Pennsylvania handed up an 11-count indictment against ten defendants, including Petitioner, alleging a conspiracy to possess with intent to distribute and distribution of more than five kilograms of powder cocaine in the town of Renovo, Pennsylvania. The indictment also alleged substantive counts of possession with intent to distribute. In October 2001 and March 2002, the U.S. Government filed superseding indictments. By March 2003, all defendants other than Petitioner and his brother, John F. Winkelman, had entered into plea agreements with the government.

On April 10, 2003, a federal grand jury handed up a third superseding indictment, resulting in a total of sixteen counts. This indictment contained new allegations and charges. In relevant part, it added Counts Ten and Twelve against Petitioner, which are the two counts that he is challenging in this action. At Count Ten, he was charged with violating 18 U.S.C. § 924(c)(1) from on or about January 1986 to October 2001, for having knowingly *used, carried and possessed* firearms during and in relation to and in furtherance of a drug trafficking crime (the crime being conspiracy to possess with intent with intent to distribute and distribution of cocaine and marijuana in violation of 21 U.S.C. § 846). At Count Twelve, he was charged with violating 18 U.S.C. § 924(c)(1) for engaging in the same conduct during the fall of 2000. [ECF No. 4 at p. 28, Pet's Ex. B].

By way of background, prior to its amendment in 1998, 18 U.S.C. § 924(c)(1) set a mandatory minimum sentence, depending on the facts, for a defendant who, "during and in relation to any crime of violence or drug trafficking crime[,] ... uses or carries a firearm[.]" The statute leaves the term "uses" undefined. In Smith v. United States, 508 U.S. 223 (1993), the Supreme Court held that "a criminal who

2

*trades his firearm for drugs* 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." Id. at 241 (emphasis added). Two years later, the issue in Bailey v. United States, 516 U.S. 137 (1995) was whether possessing a firearm kept near the scene of drug trafficking is "use" under § 924(c)(1). The Supreme Court decided that mere possession does not amount to "use": "§ 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense," id. at 143.

In 1998, Congress responded to Bailey by amending § 924(c)(1). The amendment broadened the provision to cover a defendant who " uses or carries a firearm, *or who, in furtherance of any [crime of violence or drug trafficking crime], possesses a firearm*[.]" 18 U.S.C. § 924(c)(1)(A) (emphasis added). The amendment did not touch the "use" prong of the statute.

Thus, an individual can now be found guilty under the "use" or "possession" prongs of § 924(c)(1)(A), which denote different conduct. Petitioner now insists that the jury found him guilty of Counts Ten and Twelve only under the "use" prong, and therefore those convictions are invalid under the Supreme Court's 2007 holding in Watson v. United States, 552 U.S. 74 (2007). Watson considered the converse of the issue that was decided in Smith. It held that "[g]iven the ordinary meaning and the conventions of English, we hold that a person does not 'use' a firearm under § 924(c)(1)(A) *when he receives it in trade for drugs*." Id. at 83. Petitioner asserts that the evidence at his trial showed that he *traded drugs for a firearm*, and therefore under Watson that conduct is not "use" under § 924(c)(1).

Importantly, however, Petitioner's own exhibits show that the jury was instructed that it could find him guilty of Counts Ten and Twelve if it found that, in accordance with the amendment to § 924(c)(1)(A), he "*knowingly possessed* the firearm in furtherance of the defendant's commission of the drug trafficking crime." [ECF No. 4 at p. 58, Pet's Ex. E (emphasis added)]. Moreover, although he has attached as an exhibit a verdict slip which indicates that the jury rendered a general verdict and did not

3

specify whether Petitioner was guilty under the "use," "carry," or "possession" prong of § 924(c)(1)(A) [ECF No. at p. 30], the Judgment and Commitment Order for his criminal case *expressly states that at Counts Ten and Twelve he was convicted under the "possession" prong* [ECF No. 9-3 at p. 22, Resp't Ex. 4].  In his motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which he filed with the Middle District Court in February 2007, Petitioner himself described his convictions at Counts Ten and Twelve as being for "*possession* of firearms in relation to drug trafficking." [ECF No. 9-4 at p. 3, Resp't Ex. 5].  Therefore, although Petitioner's first habeas claim is premised upon the contention that the jury convicted him under the "use" prong, it is his burden of proving that fact and he cannot meet that burden.

On November 13, 2003, the district court sentenced him to a total aggregate term 720 months' imprisonment, to be followed by ten years of supervised release.[2]  On May 18, 2006, the U.S. Court of Appeals for the Third Circuit affirmed his convictions but vacated the sentences the court had imposed at Counts One, Five, and Nine and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005) and United States v. Cooper, 437 F.3d 324 (3d Cir. 2006).  [ECF No. 9-3 at pp. 7-33, Resp't Ex. 3].

On October 17, 2006, the district court resentenced him to total aggregate term of 480 months' imprisonment to be followed by 10 years of supervised release.  Petitioner filed another appeal, which the Third Circuit Court dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

On February 23, 2007, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he raised 27 claims of ineffective assistance of counsel during trial and appeal, trial

---

[2] In addition to finding Petitioner guilty of Counts Ten and Twelve, the jury also convicted him of Conspiracy to Distribute Cocaine, Conspiracy to Distribute Five Kilograms or More of Cocaine, and Distribution of Cocaine, in violation of 21 U.S.C. §§ 846 and 859, respectively (Count One); Substantive Distribution, Attempted Distribution and Possession With Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Five); and Possession With Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(ii) (Count Nine).  Those convictions are not at issue in this proceeding.

4

court error, and indictment insufficiency. [ECF No. 9-4 at pp. 2-36, Resp't Ex. 5, and ECF No. 9-5 at pp. 2-42, Resp't Ex. 6]. On December 31, 2007, soon after the Supreme Court had issued its decision in Watson, Petitioner sought to supplement his § 2255 motion in order to raise a claim challenging his convictions at Counts Ten and Twelve based upon that decision (which is the same claim he raises before this Court as Claim 1). (See ECF No. 1072 in United States v. George Winkelman, 4:01-cr-304 (M.D. Pa.)).

On March 10, 2008, the district court issued a Memorandum Order denying Petitioner's § 2255 motion. [ECF No. 9-7 at pp. 2-46, Resp't Ex. 7]. It denied Petitioner's Watson claim because he had not received permission to amend his § 2255 motion to include it, and because he had failed to file a brief in support, as required by Local Rule 7.5. [ECF No. 9-7 at pp. 37-39, 44, Resp't Ex. 7].

Next, Petitioner filed an application for a certificate of appealability with the Third Circuit Court in which he argued that the district court had erred in denying his request to amend his § 2255 motion to include a Watson claim. (See Application for Certificate of Appealability at p. 19, in George Winkelman v. United States, No. 08-1932 (3d Cir.)). On July 20, 2008, the Third Circuit Court issued an Order in which it denied Petitioner's request for a certificate of appealability. It specifically held that "[j]urists of reason could not debate that the District Court properly dismissed appellant's 28 U.S.C. § 2255 motion, [and] … *his motions to amend*[.]" [ECF No. 9-8 at p. 2, Resp't Ex. 8 (emphasis added)].

On January 22, 2010, Petitioner filed with the Middle District Court a motion pursuant to Rule 60(b)(6) in which he asserted that the Assistant U.S. Attorney who had prosecuted his case had fabricated evidence and presented perjured testimony. The court denied that motion as an improper second or successive § 2255 motion. (See ECF Nos. 1114, 1132 in United States v. George Winkelman, No. 4:01-cr-304 (M.D. Pa.)). The Third Circuit Court denied him a certificate of appealability. (Nov. 4, 2010 Order in United States v. George Winkelman, No. 10-3200 (3d Cir.)).

5

Having had no success in getting his judgment of sentence vacated in the Middle District Court, Petitioner now seeks that relief from this Court pursuant to a habeas motion filed under 28 U.S.C. § 2241. In Claim 1, he raises the same Watson claim that the Middle District Court denied because he had failed to present it properly. In Claim 2, he contends that he received an invalid sentence for his firearms convictions based upon the U.S. Court of Appeals for the Second Circuit's decision on June 16, 2008, in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).

**B.    Discussion**

    **1.    Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction."), quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam). In contrast, "matters concerning the conditions of confinement or the execution of a sentence

6

are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). A habeas corpus petition "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255." Myers v. Booker, No. 00-3232, 232 F.3d 902 (Table), 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000).

Respondent correctly contends that this Court should dismiss the petition for want of subject matter jurisdiction because Petitioner is not challenging the fact or duration of his confinement or the execution of his sentence. Rather, he is challenging the validity of his convictions and sentences. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

Petitioner asserts that he is entitled to pursue the instant habeas action in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

7

Petitioner does not articulate any persuasive reason to support his contention that this case falls within § 2255's "savings clause" or "safety valve."  Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam), citing Cradle, 290 F.3d at 539.  See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim.").  "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added), citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.  Cradle, 290 F.3d at 538-39.

Here, Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective.  He raised his Watson claim (Claim 1) before the Middle District Court, which dismissed it on procedural grounds.  The Third Circuit Court denied him a certificate of appealability on it, and there is no basis for this Court to adjudicate it in habeas.  Nor is there any basis for this Court to adjudicate his claim based upon the Second Circuit Court's decision in Whitley (Claim 2), which, as explained below, has been abrogated by the Supreme Court.  Accordingly, this Court does not have jurisdiction to consider the claims he raises in the instant action and his petition must be dismissed.

8

Even if this Court were to find that Petitioner could proceed under § 2241, which it does not, he clearly is not entitled to any substantive relief. As explained above, Watson is distinguishable and Petitioner cannot show that its holding applies to his case. In Claim 2, he relies on the Second Circuit Court's decision in Whitley, in support of his contention that he is actually innocent of his sentence and, therefore, must be entitled to seek habeas relief to vacate it. In Whitley, the defendant was subject to a mandatory minimum sentence of 15 years under 18 U.S.C. § 924(e). 529 F.3d at 152. He also was subject to a mandatory consecutive sentence of 10 years pursuant to § 924(c)(1)(A). Id. The Second Circuit Court held that, read literally, the "except clause in § 924(c)(1)(A)[3] meant that he was subject only to the 15-year mandatory minimum of § 924(e), and that the consecutive 10-year weapons sentence did not apply. Id. at 153. On November 15, 2010, the Supreme Court in Abbott v. United States, — U.S. —, 131 S.Ct. 18, 23 n. 2, 26 (2010), abrogated the Second Circuit Court's interpretation of the "except clause." See United States v. Tejada, 631 F.3d 614, 618-20 (2d Cir. 2011) (acknowledging that Abbott abrogates Whitley). Therefore, Petitioner's challenge to his sentence is foreclosed by Abbott.

## C. Certificate of Appealability

---

[3] 18 U.S.C. § 924(c)(1)(A) states as follows:

*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(Emphasis added).

9

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

## II.

For the foregoing reasons, the Petition For Writ Of Habeas Corpus is dismissed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE A. WINKELMAN, | ) | |
| Petitioner, | ) | Civil Action No. 08-354 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO J. QUINTANA | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 14th day of April, 2011;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction. It is further ORDERED that Petitioner's motions for a decision [ECF Nos. 16 & 17] are DISMISSED as moot.

The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. Mail to:

George A. Winkelman
10505-067
McKean Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701